HESTER J. TODD et al., Appellants, *v.* ISAAC NELSON, Impleaded, etc., Respondent.

Where, in an action tried by the court, one finding included three separate and distinct facts, and an exception thereto specified each of the facts so found substantially in the words of the finding, *held*, that this could fairly be regarded as a separate exception to each fact contained in the finding, not a general exception to the whole finding; and that the party excepting was entitled to the benefit thereof, if one of the facts found was without evidence to sustain it, although the other facts were established by the evidence.

An exception in such case is sufficient if the attention of the opposite counsel and of the trial court is called to the particular point upon which the exception rests.

*Ward* v. *Craig* (87 N. Y. 550, 557) distinguished.

Where, in an action to set aside a deed as fraudulent, the complaint, in substance, averred the execution and delivery of the deed, which was not denied by the answer, and the trial proceeded upon the ground of such delivery, and there was no evidence to the contrary, *held*, that a finding that there was no delivery was erroneous, and an exception thereto presented the matter as a question of law, reviewable in this court, although an order of the General Term reversing the judgment, entered on the decision of the trial court, failed to state that the reversal was upon the facts.

The deed in question was executed without consideration by a daughter, who was about to be married, to her parents. The court found that the grantees knew of the contemplated marriage, and that the grantor intended, after marriage, to occupy and carry on the farm conveyed, through the agency of her intended husband; that, believing the marriage was hazardous, and that indebtedness would arise and losses be sustained, to save the farm to the grantor it was agreed that she should so convey it, the grantees promising to hold the title in trust for her, she to continue in possession and enjoy the proceeds and income. The deed was put on record within four days after its execution. At the time of its execution the grantor owed no debts. She owned personal property, about $19,000 in value; the farm was worth about $6,000. After her marriage she occupied the farm with her husband, engaged in farming, sustained heavy losses and became totally insolvent. Over four years after the conveyance she executed a mortgage on the farm to plaintiff's intestate, making an affidavit at the time that she was the owner of the farm. *Held*, that these facts did not justify a finding that the deed was colorable only and made with intent to defraud the creditors of the grantor.

*It seems*, the theory upon which deeds conveying property have been set aside as fraudulent, in regard to subsequent creditors of the grantor, is either that he has made a secret conveyance while embarking in some hazardous business requiring credit, he remaining in possession and seeming ownership of the property, and has obtained credit in consequence thereof, or where the debts were incurred soon after the conveyance.

(Argued March 12, 1888; decided April 24, 1888.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 9, 1885, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*H. D. Donnelly* for appellant. The order of reversal in this case does not state that the reversal was on any question of fact. Error of law must, therefore, be shown to sustain it. (*Schoener* v. *Lissauer,* 9 Cent. Rep. 443; *Lewis* v. *Barton,* 106 N. Y. 70, 73; *Rider Life Raft Co.* v. *Roach,* 97 id. 378; *Kane* v. *Cortesy,* 10 id. 132.) Todd had no other remedy than to bring the action he did. He could not have maintained ejectment because of the defendant's having a legal title to the farm by virtue of a deed fraudulently obtained. (*Moores* v. *Townshend,* 102 N. Y. 394; *Latlin* v. *McCarty,* 41 id. 107, 109; Code Civil Pro. § 1432; 1 Van Santvoord's Eq. Pr. 638; *Remington Paper Co.* v. *O'Dougherty,* 81 id. 474; Pomeroy's Eq. Jur. § 1399, note 4; *Powell* v. *Waldron,* 89 id. 328; *Clark* v. *Sawyer,* 2 id. 498; *Fitch* v. *Rathbun,* 61 id. 582.) As it was not shown that the grantees, or either of them, had the deed or saw it, or ever gave anybody any directions in regard to it, or even knew or said anything to anybody about it, and as there is no evidence that it was ever delivered or put on record by anybody authorized by them to do so, or to accept the delivery, or that they subsequently had possession of the instrument, under the circumstances the record is not even presumptive evidence of delivery. (*Fisher* v. *Hall,* 41 N. Y. 416; *Gifford* v. *Corrigan,* 105 id. 223; *Parmelee* v. *Simpson,* 5 Wall. 81; *Elsey* v. *Metcalf,* 1 Denio, 323; *Parker* v. *Hill,* 8 Metc. 447; *Hawkes* v. *Pike,* 105 Mass. 560; *Wakeman* v. *Dalley,* 51 N. Y. 31; *Marse* v. *Falkes,* 40 id. 566; *Weber* v. *Christen,* 9 West. Rep. 790; *Hibbard* v. *Smith,* 67 Cal. 547.) There was no objection to any of the proof. If the proof was not warranted by the pleadings, it was simply a variance, and not being objected to must now be deemed immaterial and disregarded. (Code Civil Pro. § 539; *Lounsbury* v. *Purdy,* 18 N. Y. 515; *Place* v. *Minster,* 65 id. 89; *Reeder* v. *Sayer,* 70 id. 180; *Clemons* v. *Davis,* 4 Hun, 260.) An objection cannot be raised for the first time on appeal. (*Knapp* v. *Simon,* 96 N. Y. 284; *Coates* v. *First Nat. Bk.,* 91 id. 31; *Fitch* v. *Rathbun,* 61 id. 582; *Tyng* v. *Commercial Warehouse Co.,* 58 id.

308; *Tisdale* v. *Morgan*, 7 Hun, 583.) The exception to the finding of fact that the deed was never delivered was only an exception that the finding is wholly without evidence to support it, and, as one of the facts upon which it was based was positively established, that is, that the deed was without any real consideration, the exception is of no avail. (*Crawford* v. *Everson*, 68 N. Y. 624; *Ward* v. *Craig*, 87 id. 550, 557.) A deed made with intent to defraud subsequent creditors is void the same as if made to defraud present creditors. (*Strand* v. *Hanly*, 71 N. Y. 319; *Young* v. *Heermans*, 66 id. 374, 381; *Savage* v. *Murphy*, 34 id. 508; *Case* v. *Phelps*, 39 id. 164; *Perine* v. *Dunne*, 3 Johns. Ch. 576, 577; *Dewey* v. *Moyer*, 72 N. Y. 76, 77.) Any trust reserved to or for the grantor avoids a transfer and destroys the title as against subsequent creditors. In such case it is a continuing fraud and operates as such in reference to debts contracted after as before the conveyance. (Wait on Fraud. Convey. 370, 371, § 272; *Rice* v. *Cunningham*, 116 Mass. 469; *Lukins* v. *Aird*, 6 Wall. 78.) Every presumption must be indulged in support of the findings of the court below. (*Porter* v. *Smith*, 35 Hun, 118; *S. C.*, 10 Cent. Rep. 271; *Cox* v. *James*, 45 N. Y. 557; *Dalzell* v. *Raw*, 1 T. & C., addenda, 4; *Perrine* v. *Hotchkiss*, 2 T. & C. 373, 374; *Higbie* v. *Heath*, 3 id. 783.) It does not lie with the grantor or one standing in no better situation than she does to say that a party contracting with her was negligent in taking her word and relying on it. (*Burwell* v. *Jackson*, 9 N. Y. 535, 545; *Haight* v. *Hayt*, 19 id. 464; *Mead* v. *Bunn*, 32 id. 275; *Foster* v. *Beardsley Scythe Co.*, 47 Barb. 505; *Jackson* v. *Richards*, 6 Cow. 617; *Storrs* v. *Barker*, 6 Johns. Ch. 166; *Lee* v. *Porter*, 5 id. 272; *Wendell* v. *Van Rensselaer*, 1 id. 354; *Tilton* v. *Nelson*, 27 Barb. 595; *Spencer* v. *Carr*, 45 N. Y. 408; *Voorhees* v. *Presbyterian Church*, 8 Barb. 146.)

*M. L. Cobb* for respondent. To sustain the allegation of fraud, it is necessary to show an intent to commit such fraud at the time of the execution of the deed, and this intent must

be affirmatively shown by the person attacking the deed. (*Seymour* v. *Wilson,* 14 N. Y. 567 ; 81 id. 584 ; *Shultz* v. *Hoagland,* 85 id. 464.) The fact of the recording of the deed immediately after its execution negatives any attempt to make a fraudulent conveyance ; and, at the same time, it was notice to all the world, including the plaintiff's intestate, of the existence of the deed, and there is no difference between this kind of notice and actual notice. (*Schutt* v. *Large,* 6 Barb. 373.) The fact of the grantor remaining in possession does not, of itself, show any intention to commit a fraud. (*Clute* v. *Newkirk,* 46 N. Y. 684 ; *Wallace* v. *Burdell,* 97 id. 13 ; *Jackson* v. *Post,* 15 Wend. 588 ; *Carr* v. *Breese,* 81 N. Y 584 ; *Dunlap* v. *Hawkins,* 59 id. 342 ; *Phœnix Bank* v *Stafford,* 89 id. 405.) This being a creditor's bill to set aside a conveyance on the ground of fraud, and to obtain equitable assets from a third person, it cannot be maintained until the creditor has exhausted his remedy at law by recovering a judgment and issuing an execution thereon against the debtor, and by having the same returned unsatisfied. (*Adsit* v. *Butler,* 87 N. Y. 585 ; *Ocean National Bank* v. *Olcott,* 46 id. 12 ; *Estes* v. *Wilcox,* 67 id. 264 ; *Allyn* v. *Thurston,* 53 id. 622 ; *Davis* v. *Burns,* 23 Hun, 648 ; *Ballou* v. *Jones,* 13 Hun, 629 ; *Geery* v. *Geery,* 63 N. Y. 252 ; *Dunlevy* v. *Tallmadge,* 32 id. 457 ; *Lichtenberg* v. *Herdtfelder,* 67 How. 196 ; *Teed* v. *Valentine,* 65 N. Y. 471 , *Bucklyn* v *Bucklyn,* 1 Keyes, 141 ; *Philips* v. *Wooster,* 36 N. Y. 412.) If a party brings an equitable action he must maintain it upon equitable grounds or fail, even though he may prove a good cause of action at law on the trial. (*Mann* v. *Fairchild,* 2 Keyes, 111 ; *Heywood* v. *Buffalo,* 14 N. Y. 540 ; *Neudecker* v. *Kohlberg,* 81 id. 296 ; *Wright* v. *Delafield,* 25 id. 266 ; *Tooker* v. *Arnoux,* 76 id. 397 ; *Bailey* v. *Ryder,* 10 id. 363 ; *Rome Exchange Bank* v. *Eames,* 1 Keyes, 588 ; *Kelsey* v. *Western,* 2 N. Y. 500 ; *Ferguson* v. *Ferguson,* 2 id. 360 ; *Salisbury* v. *Howe,* 87 id. 128 ; *Dudley* v. *Scranton,* 57 id. 424 ; *Degraw* v. *Elmore,* 50 id. 1 ; *James* v. *McHernon,* 6 Johns. 543 ; *Forsyth* v. *Clark,* 3 Wend. 637 ; *Stuart* v.

*Farmers' Bank*, 19 Johns. 496.) Where a deed of lands is prepared for execution, read, signed by the parties, and acknowledged as their deed before an officer authorized to take acknowledgments, it is a complete and valid deed, notwithstanding the witnesses present at its execution unite in testifying that there was no formal delivery of it, and the deed after the death of the grantor be found in his secretary among his private papers. (*Scrugham* v. *Wood*, 15 Wend. 545; *Rose* v. *Rose*, 7 Barb. 174; *Goodale* v. *Pierce*, 2 Hill, 659; *The Lady Superior of the Congregational Nunnery at Montreal* v. *McNamary*, 3 Barb. Ch. 375; *Wallace* v. *Berdell*, 97 N. Y. 13; *Fisher* v. *Hall*, 41 id. 423; 2 Cruise on Real Property, 509, 517.) This action cannot be sustained as an action to remove a cloud from the plaintiff's assumed title. (*Moores* v. *Townshend*, decided June 1, 1886, 9 Cent. Rep. 441; *Brown* v. *Goodwin*, 75 N. Y. 409; *Marks* v. *Main*, 10 Cent. Rep. 701; Story's Equity, § 703; *Orton* v. *Smith*. 18 How. 263.)

PECKHAM, J. This action was brought by the plaintiff to set aside and have declared void a deed said to have been executed by one Emma D. Owen to Isaac Nelson and Mary Ann Nelson, her father and mother. The deed conveyed certain premises in the county of Westchester belonging to Mrs. Owen, and it was recorded in the clerk's office of that county within a few days after it was executed, which was on the 20th of December, 1862. In 1867 the grantor in the deed, who with her husband had continued to occupy the premises, executed a mortgage thereon to one Todd for the purpose of securing the repayment of $4,000. Subsequently another mortgage was executed by her to the same mortgagee for the purpose of securing the sum of $2,000 additional, made up in part of the interest due on the $4,000 mortgage, and the balance of cash advanced. Subsequently an action was commenced to foreclose both mortgages, which proceeded to judgment and a decree of foreclosure was rendered and the

premises were sold under that decree and bid in by the mortgagee. No judgment for deficiency was ever entered up against the mortgagor. The mortgagee, having received the referee's deed, upon seeking to obtain possession was confronted with the deed of the premises executed in 1862 to said Nelson and his wife, and he found defendant Isaac Nelson (his wife having died) in possession, claiming to own the premises by virtue of said deed.

This action was tried before a judge without a jury and resulted in a judgment for the plaintiff, setting aside the deed from Mrs. Owen to her father and mother, and adjudging the title to have been in her at the time of the execution by her of the mortgages above mentioned, and adjudging that the plaintiff was entitled to the immediate possession of the said premises. An appeal from that judgment was taken to the General Term, where it was reversed and a new trial granted, but the order granting such new trial did not state that the judgment was reversed on questions of fact.

The first question which arises here is upon the finding of fact made by the trial judge, that the deed from Mrs. Owen to her father and mother was never delivered by Mrs. Owen to them or either of them, nor did she ever authorize any other person to deliver such deed to said grantees or either of them. As the judgment of the Special Term was not reversed on any question of fact, if there were any evidence to support the finding above stated it is conclusive upon us upon this appeal. But if there were none and an exception was duly taken to the findings, a question of law is raised which is reviewable here.

At the outset the plaintiff claims that no proper exception has been taken to the finding referred to, because the judge includes in that finding the facts that the deed was voluntary and without consideration, and that the same was never delivered by the grantor, or by any one authorized by her; and he says that there is but one exception to a finding which thus includes three different facts, and that, under the ruling in *Ward* v. *Craig* (87 N. Y. 550, 557), the exception is unavailing. The exception in that case was "to the twenty-fifth

finding of fact by such referee, and to each and every part thereof;" and there were in that finding separate and distinct findings of fact upon separate, distinct and independent subjects. The exception was treated as a general exception to the whole finding; and, as one of the findings upon a separate and distinct subject, was clearly sufficiently authorized by the evidence the exception was held to be unavailing. But the language used in this case, we think, can fairly be regarded as a separate exception to each separate fact contained in the finding. The counsel for defendant in his exceptions as filed, stated that " he excepts to all that part of finding number eleven which finds that the deed therein mentioned given by Emma D. Vernol was without any real consideration, and that the same was never delivered by the said Emma D. Vernol to the said Isaac Nelson and Mary Ann, his wife, and that the said Emma D. Vernol never delivered, or authorized to be delivered, the said deed to any other person or persons for said grantees therein named." We think this is substantially to be regarded as an exception to each of those findings within any fair definition of the rule requiring exceptions to be filed to the decision of a court or to the report of a referee. Too minute a subdivision of exceptions is not to be required in such a case. It is sufficient if the attention of the opposite counsel, and of the trial court or referee, shall be called to the particular point upon which the exception rests. Having done that the exception has filled its purpose and nothing more should be required.

Upon a careful review of this evidence, and of the pleadings and the course of the trial, as manifested in the record, we are of opinion that the finding of the learned judge, that there was no delivery of this deed, is not supported by any evidence in the case, and is against the existence of a fact which was assumed upon the trial and charged in the complaint. By the complaint itself, taking it altogether, it is perfectly apparent that it proceeded upon the ground of the execution and delivery of this deed. It assumes that such an instrument has been executed and delivered, and upon such

assumption it bases the allegations contained therein, that the grantor was a woman of weak mind and did not know or have any idea of the nature of the instrument she was executing, and that she executed it solely upon the representations of the grantees that it was a paper of no importance, and which in nowise affected her rights or interests. The complaint also contained the allegation that the grantees in the deed *obtained* said conveyance in the manner above stated and with the view and intent of defrauding the creditors of the said Emma D. Owen, and for the purpose of delaying and defrauding this plaintiff in the collection and obtaining payment and satisfaction of the moneys loaned as aforesaid. This examination of the complaint furnishes conclusive proof that it proceeds upon the assumption that a deed, such as is described therein, was given by Mrs. Owen and was received by the grantees, but that the whole thing was done for a fraudulent and illegal purpose. No one would ever suspect, on looking over the complaint, that any issue could be made in regard to the delivery of the deed in question. The answer admits by not denying the execution of the deed, and then denies that the grantor did not know the character of the instrument she was executing, or that she supposed it was a paper of no importance which in no way affected her rights or interests, and it denied that any such representations, as alleged in the complaint, were made at the time of the execution of the said deed by the grantees, or by any other person. It then set up reasons which existed in the minds of the grantees at the time of the execution of the deed, calling for its execution, and set up the fact that it was duly executed and delivered by the grantor to the grantees at the time it bore date.

A careful perusal of the evidence on the trial conclusively shows that a delivery as following the execution of the deed was assumed. A fact assumed is to be regarded as proved or admitted. (*Paige* v. *Fazackerly*, 36 Barb. 392; *Cooper* v. *Bean*, 5 Lans. 318.) It is perfectly apparent that the word "execution," when spoken of in the record in reference to the execution of the deed, was used by

both sides as tantamount to execution and delivery, as embracing all that was necessary to make a formally valid conveyance by deed. Both sides, in the examination of Mrs. Owen and of her brother, used language which assumed that the formal things necessary to be done in the way of executing and delivering this instrument had been done; and the plaintiff's counsel, in the examination of Mrs. Owen and her brother, spent considerable time in endeavoring to find out what the motive or intent of Mrs. Owen was in the making of this deed. From the context it appears clearly that the word execution was, as I have said, meant to include the whole formal part necessary for the operation of the deed as a complete instrument.

The learned counsel for the plaintiff, before this court in endeavoring to meet the claim that there was no allegation in the complaint of a non-delivery of the deed, stated that there was no objection interposed on the trial to any of the proof on that ground. There was no proof in the case offered by either party, and no point raised, so far as this record shows, upon the question of delivery, and so there was no opportunity to object to anything of that kind. The evidence, as to the execution of the deed, was admitted on the question at issue under the pleadings, which was that of fraud; it was not directed to the specific fact of a delivery separated from and independent of the general fact of the execution of the deed. The plaintiff should not now be permitted to claim that there was no proof of this independent fact of delivery, when, as has been said, the existence thereof was not only assumed on the trial, but, in addition, it was substantially charged in the complaint. The finding of the trial court, therefore, that there was no delivery of this deed, being at war with the pleadings, and in opposition to the fact assumed throughout the trial, and having been properly excepted to, was an error of law reviewable in this court.

The finding of non-delivery being thus an error of law the General Term was right in granting a new trial, and we must affirm the order unless it shall appear that upon the other

findings in the case, assuming there was a delivery of the deed, the judgment of the trial court was necessarily correct.

This makes it necessary to look still further into the record, and the first question that meets us is as to the finding of the trial court upon the question of fraud. If there were a delivery of the deed, and no fraud in its purpose, of course that is an end of the case, and it is not necessary to inquire further as to whether the action could be maintained if there were a delivery of the deed and a fraudulent purpose accompanying it on the part of the grantor. The court found that prior to September, 1862, it was known to her parents that their daughter, Mrs. Owen, then Mrs. Vernal, was about to marry, and that, in such event, she intended to occupy and carry on the farm she owned through the agency of her intended husband, John Owen. It was further found that the parents and daughter, believing the marriage was hazardous, and that indebtedness would arise and losses be sustained, with a view to entering into the marriage and engaging in the farming business and to save the farm to Mrs. Owen, and protect the same from her future creditors, agreed that the daughter should convey the farm to her parents, and they promised to hold the title to the same in trust for her, and she should continue in possession of the premises and enjoy the proceeds and income thereof, and in pursuance of such agreement the deed was executed and soon thereafter she went into the occupation of the farm with her husband, engaged in the business of farming and sustained heavy losses therein and became totally insolvent. The court further found that the deed was colorable only and made with intent to defraud the creditors of the grantor, and with intent to defraud the subsequent mortgagee, the plaintiff's intestate. These findings were duly excepted to by defendant's counsel.

Of course the same rule holds in this instance, as was stated in regard to the finding made by the trial court, that there was no delivery of the deed, and if there be any evidence to sustain these findings of fraud we are concluded by them. A careful

examination of the whole evidence in the case satisfies us that there is none upon which the finding of the learned trial judge can be based. The court found (and the evidence upon that point fully sustains the finding), that at the time when this deed was delivered the grantor owed no debts whatever, and she had, in addition to the farm in question, some personal property and money which together amounted in value to $19,000, and the deed was placed on record within four days of its execution. The theory upon which deeds conveying the property of an individual to some third party have been set aside as fraudulent in regard to subsequent creditors of the grantor has been that he has made a secret conveyance of his property while remaining in the possession and seeming ownership thereof, and has obtained credit thereby, while embarking in some hazardous business requiring such credit, or the debts which he has incurred were incurred soon after the conveyance, thus making the fraudulent intent a natural and almost a necessary inference, and in this way he has been enabled to obtain the property of others who were relying upon an appearance which was wholly delusive. Such are the cases cited by the learned counsel for the appellants.

But here the grantor was not about to engage in business, within the meaning of that term as used in the cases. She was simply going to live on the farm with her husband, and presumably off the products thereof. She had $19,000 in personal property, and the farm was then worth about $6,000. She was wholly free from debt. The deed was placed on record at once. It was four years and four months thereafter before the first of the mortgages was executed to plaintiff's intestate, and eight years and four months before the second was executed.

Under such circumstances, we think, it is too much to say that there was any evidence at the time she executed the deed that the grantor meant to defraud creditors. On the contrary, no such inference can be drawn. The parties evidently (or at least the mother) were fearful in regard to the marriage, and decided that at least some part of the property which she

possessed should be saved to the grantor from the husband's possible future misfortunes. That years after the execution of the deed, which was on record, the grantor, at the request of her husband, should mortgage the farm and should make an affidavit that she was the owner thereof, however it may show an intent to defraud the mortgagee at that time, does not, as we think, show that the purpose of the deed, executed more than four years prior thereto, at a time when she was largely solvent, was to defraud this mortgagee or any subsequent creditors, not one of whom was shown to exist earlier than the above stated time of more than four years from the execution of the deed. She swears distinctly that her purpose was to give the farm freely and wholly to her parents and the survivor, and she may have felt full confidence in their intention to treat her with kindness.

We have not gone at length into the evidence. On the contrary, we have given only a partial review of it, and we feel convinced that it cannot be regarded as furnishing any support for the finding of fraud as made by the trial court. This conclusion renders it unnecessary to enter upon the examination of any further question in the case. The deed being delivered and there being no fraudulent purpose which caused its delivery, the title was in the grantees at the time Mrs. Owen assumed to mortgage the farm, and the plaintiffs cannot maintain this action. The equities in favor of the plaintiffs are very strong indeed. Their intestate advanced his money believing his mortgage was a lien on the farm. But he had the opportunity at all times before loaning any money to resort to the record in the clerk's office, and the least attention given thereto would have led to the discovery of this deed. He saw fit to trust to the declarations of Mrs. Owen, and these plaintiffs must sustain a heavy loss in consequence thereof.

The order of the General Term granting a new trial must be affirmed, and judgment absolute rendered against the plaintiffs in accordance with their stipulation, with costs.

All concur, except Earl and Gray, JJ., dissenting.

Order affirmed and judgment accordingly.