EMIL NEUBERGER AND OTHERS, APPELLANTS, v. HENRY G. KEIM, KATE BOLLER AND MARY KEIM, RESPONDENTS.

*Voluntary conveyance to a wife — right of a creditor of the grantor, whose debt has been subsequently incurred, to set it aside.*

In an action, brought by certain creditors of one Henry G. Keim, to set aside a deed on the ground that it was made to hinder, delay and defraud them, it appeared that the property was conveyed by Keim to his wife through the defendant Boller. The plaintiffs claimed that the conveyance was a voluntary one and made in contemplation of a new enterprise and for the purpose of removing the defendant's property from the risk of such enterprise. At the time of such conveyance the plaintiffs were not creditors of the defendant Keim.

The conveyance was not secret, and there was no evidence that the defendant Keim obtained any credit from the plaintiffs because of the ownership of this property, or that the business which he was about to engage in was hazardous, or that there were debts due to the plaintiffs incurred soon after the conveyance, or that Keim had obtained any property of the plaintiffs, while they were relying upon his apparent possession of the property which he had conveyed to his wife.

*Held*, that the action could not be maintained.

APPEAL from a judgment dismissing the complaint, upon the decision of the New York Special Term, which judgment was entered in the office of the clerk of the county of New York on the 15th day of January, 1889.

*David Hayes*, for the appellants.

*F. R. Coudert*, for the respondents.

VAN BRUNT, P. J.:

This action was brought in equity to set aside a deed on the ground that it was made with intent to hinder, delay and defraud the plaintiffs, who are creditors of Henry G. Keim. The property in question was conveyed by the defendant Henry G. Keim to his wife, the defendant Mary Keim, through the defendant Kate Boller; and the claim made upon the part of the appellants is that the evidence establishes that the conveyance was a voluntary one, and made in contemplation of a new enterprise for the purpose of removing the defendants' property from the risk of said enterprise, and that although the plaintiffs were not creditors of the defendant Henry G. Keim at the time of such conveyance, yet that, under such circumstances, they were entitled to have the same set aside as made to hinder, delay and defraud creditors of said defendant Henry G. Keim. This conveyance was recorded immediately after it was made.

In view of the decision of the Court of Appeals in the case of *Todd* v. *Nelson* (109 N. Y., 316), it is not necessary to discuss the application of cases previously decided to the questions involved in the case at bar. In that case the court held that the following facts did not justify the conclusion that a deed was colorable only and made with intent to defraud the creditors of the grantor, namely, that such deed was executed without consideration by a daughter, who was about to be married, to her parents, who knew of the contemplated marriage and that the grantor intended after marriage to occupy and carry on the farm conveyed through the agency of her intended husband; and that, believing the marriage was hazardous and that indebtedness would arise and losses be sustained, to save the farm to the grantor, it was agreed that she should so convey it, the grantees promising to hold the title in trust for her, she to continue in possession and enjoy the proceeds and income thereof. The

deed was put on record within four days after its execution. At the time of its execution the grantor had no debts; she owned personal property, about $19,000 in value, and the farm was worth about $6,000. After her marriage she occupied the farm with her husband engaged in farming, sustained heavy losses and became totally insolvent. Four years after the conveyance was executed she executed a mortgage to the plaintiff's intestate, making an affidavit at the time that she was the owner of the farm. The court say that the theory upon which deeds conveying the property of an individual to some third party have been set aside, as fraudulent in regard to subsequent creditors of the grantor, has been that he has made a secret conveyance of his property while remaining in the possession and seeming ownership thereof, and has obtained credit thereby while embarking in some hazardous business requiring such credit, or that the debts which he has incurred were incurred soon after the conveyance, thus making fraudulent intent the natural and almost necessary inference; and in this way he has been enabled to obtain the property of others while they are relying upon appearances wholly delusive.

Applying this rule to the case at bar, the facts, as proven, in no way come up to the requirements stated in the case cited. The conveyance was not secret; there is no evidence that the defendant Henry G. Keim obtained any credit from the plaintiffs because of the ownership of this property; there is no evidence that the business which he was about to engage in at Rochester was hazardous, nor were the debts due to the plaintiff incurred soon after the conveyance, nor has he obtained any property of the plaintiffs while they were relying upon an appearance which was wholly delusive.

The case cited seems to control the decision of the case at bar, and the judgment must be affirmed, with costs.

BRADY and BARTLETT, JJ., concurred.

Judgment affirmed, with costs.