(18 Misc. Rep. 213.)

PORTER et al. v. VALENTINE.

(Supreme Court, Appellate Term, First Department.   October 29, 1896.)

1. EVIDENCE—COMPETENCY.
   An objection to receiving in evidence the contract sued on as "incompetent and immaterial" does not raise the objection that defendant's name was signed by a third person without authority.

2. SIGNATURES—PENCIL WRITING.
   A signature with a lead pencil is sufficient, though other signatures to the same instrument were in ink.

Appeal from First district court.

Action by Clara H. Porter and another against Washington S. Valentine on a fire insurance policy. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

N. A. Prentiss, for appellant.

Menken Bros., for respondents.

McADAM, J. The action is to recover from the defendant, one of the underwriters of the South & North American Lloyds, the sum of $66.67, his proportionate part of a loss under a policy of fire insurance for $2,000 issued to the plaintiffs on their two-story frame house in Danbury, Conn. The policy was made by Whipple & Co. as at-

torneys in fact for the underwriters, and recites the fact that they are such attorneys for each firm or individual whose name appears thereon preceding their signature. On June 18, 1895, the property insured was destroyed by fire. Due notice was given to Whipple & Co., and the proofs of loss were thereafter duly filed with them as provided for by the contract. At the trial the policy was offered in evidence. Preceding the attorneys' signature, the names of the underwriters, with two exceptions, appeared in print. Through those of Albert Fuentes and James Walsh pencil marks are drawn, and in place of Fuentes' name appears in pencil "W. S. Valentine," and, instead of Walsh's, "Myers," also in pencil. The policy was objected to as incompetent and immaterial, and upon the further ground that the name of the defendant was not on it. These objections were overruled, and exceptions taken.

The policy was neither incompetent nor immaterial, for the action was founded upon it. "By 'competent evidence' is meant that which the very nature of the thing to be proved requires, as the fit and appropriate proof in the particular case, such as the production of a writing, where its contents are the subject of inquiry." Greenl. Ev. § 2. Evidence offered in a cause, or a question propounded, is material when it is relevant and goes to the substantial matters in dispute, or has a legitimate and effective influence or bearing on the decision of the case. Black, Law Dict. "Relevant," as applied to evidence, must be understood as meaning that it touches upon the issues which the parties have made by their pleadings, so as to assist in getting at the truth of the facts disputed. Whatever evidence will withstand this test should not be objected to, unless to admit it would be to override some other formal rule of evidence. See Platner v. Platner, 78 N. Y. 90. If the defendant intended to object that the authority of Whipple & Co. to bind the defendant should first be proved, that objection ought to have been specifically stated. "It is an ancient and sound rule that when the objection is to the mode of proving a fact, and not to proof of the fact itself, it must be distinctly placed upon that ground" (Murphy v. People, 4 Hun, 102, 103, affirmed 63 N. Y. 590), "so that the opposite party may obviate the objection by proving the fact in a legal manner" (Vincett v. Cook, 4 Hun, 318, 321. See 2 Wait, Law & Prac., 3d Ed., 634). Upon the same principle the court in Stevens v. Brennan, 79 N. Y. 259, said:

"No ground of objection was specified, and it is now plain that she [the witness] was incompetent to testify on the point to which the question related, under section 399 of the Code. The general objection could only be considered as applying to competency or materiality of the evidence, and not to the competency of the witness to testify upon the subject. Non constat, if the objection had been put on that ground, the fact would have been proved by other witnesses."

Indeed, every ground of objection not specified which is capable of being obviated by evidence is waived. Marston v. Gould, 69 N. Y. 220. Thus, an objection to admission in evidence of a copy on the ground that it is incompetent and immaterial does not raise the question that the paper was improperly admitted because it was a copy and not the original. Atkins v. Elwell, 45 N. Y. 753. The

party must stand or fall by the specific ground taken when the ruling was made. Baylies, Trial Prac. 202.

The objection that the name of the defendant did not appear upon the policy as one of the underwriters was not true in point of fact. It appeared thereon in pencil, which is as effectual as if it had appeared in type, like other names, or in ink. Daniel, Neg. Inst. § 74; Brown v. Bank, 6 Hill, 443; People v. White, 24 Wend. 530, 531; Edw. Bills, 149; Story, Prom. Notes, § 11; Mayor, etc., v. Eisler, 2 Civ. Proc. R. 125; Barnard v. Heydrick, 49 Barb. 62; Insurance Co. v. Ross, 10 Abb. Prac. 260, note. The fact that a line was drawn through the name of Albert Fuentes, and the defendant's name substituted in pencil, is of no consequence, so long as the substitution was legally made before the policy was issued. If the defendant intended to claim that the alteration should be explained by the person seeking the benefit of the alteration, that objection should have been specifically stated to, and passed upon by, the trial judge, before calling upon an appellate court to consider the question for the first time upon appeal. Baylies, Trial Prac. 201.

The plaintiff next offered in evidence the following stipulation, signed by John T. Fenlon, the attorney for the underwriters:

"Matter of Policy No. 32,545, South and North American Lloyds.

"It is hereby stipulated by John T. Fenlon, attorney for the South & North American Lloyds, that Porter and Leonard, assured under policy No. 32,545, South & North American Lloyds, have until July 15, 1896, in which to bring an action under said policy of insurance against the underwriters who may not pay the amount on which the compromise has been made, being at 66⅔ of the loss, drafts for whch have been drawn against said underwriters by Whipple & Company; the extension of time to sue being in consideration of the reduction to 66⅔ per cent. in the compromise; it being understood that the compromise is to be beneficial only to those paying the drafts on presentation, or within the time allowed.

"Dated June 11, 1896."

Annexed to the stipulation are 18 drafts drawn on the different underwriters, including one on the defendant, in the following words:

"$44.45.                                    New York, June 1st, 1896.

"At five days' sight, pay to the order of L. D. Garrett Co., attorney for C. H. Porter and F. H. Leonard, forty-four 45/100 dollars; being his claim against you for your full liability under policy No. 32,545 of the South & North American Lloyds for loss by fire or water.

"Whipple & Company, Attorneys.

"To W. S. Valentine, Produce Exchange, City."

This was also objected to as incompetent and immaterial, but it was neither. If the defendant intended to question the power of Fenlon to make the stipulation, that objection ought to have been made specifically at the time, that it might, if possible, have been obviated. Wolfe v. Insurance Co., 39 N. Y. 49; and vide supra. Assuming as we must that the stipulation was made by authority of the underwriters, we have a writing by means of which they secured a reduction to 66⅔ per cent. in a compromise of the loss, and following out the stipulations are the different drafts drawn on the several underwriters. Taking the policy bearing the name of the defendant as an underwriter, and the draft drawn on him as an underwriter by the attorney, Fenlon, the connection of the defendant with

the association, as an underwriter, was prima facie established. The defendant might, if he had felt so disposed, have taken the stand, and testified that he had no connection whatever with the association, that his name appeared on the policy without his knowledge or consent, that Fenlon had no authority to make the stipulation for him, that the drawing of the draft upon him was unauthorized, and thus have destroyed the prima facie case which the plaintiff established. He did not choose to do this, and the justice found for the plaintiff. While it is true that a person seeking a recovery of another in an action at law is charged with the burden of proving the issue in his favor, yet, whenever the law interposes any presumptions in his favor, it often happens that he is only called upon to make prima facie proof. Therefore it is material to know what in law is regarded as prima facie evidence, so that its production by a party puts the other party in a position that he must rebut it to prevent a recovery against him. Prima facie evidence may be said to be such as in law is regarded as sufficient to entitle a party to a recovery until it is fairly overcome by rebutting proof. Wood, Pr. Ev. 665; Kelly v. Jackson, 6 Pet. 622. Greenleaf, in his work on Evidence (14th Ed., vol. 1, p. 104, note), puts the same proposition in these words:

"In civil cases, when the plaintiff has introduced sufficient evidence to make out a prima facie case he may rest on his proof, and it becomes the duty of the defendant to introduce evidence to rebut the case made by the plaintiff."

At the close of the cause, if a prima facie case be established on the part of the plaintiff, and it is undisputed by the defendants, it has been always usual to direct a verdict for the plaintiff. People v. Cook, 8 N. Y. 75; Nichols v. Goldsmith, 7 Wend. 160; Rich v. Rich, 16 Wend. 676; Crawford v. Wilson, 4 Barb. 504, 518. We think the plaintiffs established a prima facie case, and that upon the facts proved, with the inferences to be drawn from them, the motion to dismiss, in the absence of a motion at the close of the case to strike out any of the documentary evidence, was properly denied (United States Vinegar Co. v. Schlegel, 143 N. Y. 544, 38 N. E. 729) that the defendant might give whatever explanation he had to offer in defense. There was no explanation given. The parties are concluded by the mode of trial. Home Ins. Co. v. Western Transp. Co., 51 N. Y. 93. And a fact assumed is to be regarded as proved or admitted. Todd v. Nelson, 109 N. Y. 324, 16 N. E. 360. The defendant rested exclusively upon technical objections, and must not complain if he is held to strict rules in their application.

Substantial justice has been done. The exceptions are without merit, and the judgment must be affirmed, with costs. All concur.