LOWTHER v. LOWTHER.

(Supreme Court, Appellate Division, First Department.   June 9, 1905.)

1. PARTNERSHIP—ACCOUNTING—SCOPE.
    In an action for the dissolution of a partnership and for an accounting, where plaintiff alleged that a dissolution of the firm was brought about on a certain date by reason of defendant's acts, and it appeared that plaintiff had had nothing to do with the partnership affairs since that date, and that defendant had had entire charge thereof, had taken the assets into his possession under a claim of ownership, and had disposed of much of the firm property, the accounting should embrace only transactions up to that date.

2. SAME—APPOINTMENT OF RECEIVER.
    In an action for the dissolution of a partnership and for an accounting, a receiver should not be appointed by the interlocutory judgment directing an accounting where there is no property for him to take into his possession.

Appeal from Special Term, New York County.

Action by Clarence L. Lowther against Charles S. Lowther for the dissolution of a partnership and for an accounting. From an interlocutory judgment dissolving the partnership, directing an accounting, and appointing a receiver, defendant appeals. Modified.

Argued before HATCH, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Charles A. Wendell, for appellant.

L. E. Warren, for respondent.

PER CURIAM. We are of the opinion that the judgment appealed from should be modified to the extent of directing an accounting by the defendant to January 24, 1903. The plaintiff does not appear to have had anything to do with the partnership affairs since that time, and alleges in his complaint that by reason of the acts of the defendant a dissolution of the firm was then brought about. In addition to this, the defendant has since that time had the entire charge of the firm's affairs, taken into his possession all its assets, claiming to own the same, and, by reason of such claim, disposed of the firm property, or the greater part of it.

The judgment should also be modified by omitting therefrom the provision appointing a receiver. There does not appear to be any property for the receiver to take into his possession. After an accounting has been had, if it becomes necessary, in order to carry the judgment into effect, that a receiver be appointed, then an application can be made to the court for that purpose, but at this time it does not appear to be necessary.

As thus modified, the judgment should be affirmed, with costs.