### LOWTHER v. RADER et al.

(Supreme Court, Special Term, New York County. February 27, 1907.)

**1.** FRAUDULENT CONVEYANCES—SUBSEQUENT CREDITOR.

Defendant's conveyance of property to a relative, made before he became indebted to plaintiff, and with plaintiff's knowledge, at a time when there is no proof showing defendant was insolvent, could not be fraudulent as to plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 128–137.]

**2.** SAME—PREFERENCE OF CREDITORS.

Where defendant was indebted to a relative on a note which had been indorsed by plaintiff, though defendant's assignment to the relative of a half interest in certain rents may have given her a preference over plaintiff, also a creditor, it was not a fraudulent assignment.

102 N.Y.S.—59

Action by Clarence L. Lowther against William H. Rader and others. Complaint dismissed.

Warren, Warren & O'Beirne, for plaintiff.
Steuer & Hoffman, for defendant Lowther.
Shaw, Fisk & Shaw, for defendant Rader.

NEWBURGER, J. Plaintiff and defendant Charles S. Lowther were copartners in business between the 1st day of May, 1900, and the 24th day of January, 1904. In 1904 plaintiff commenced an action against said Charles S. Lowther for a dissolution of the partnership and for an accounting. Thereafter proceedings were had and resulted in a decree awarding plaintiff a judgment against the defendant in the sum of $36,827.82. An execution upon such judgment was issued to the sheriff of the county of New York and returned unsatisfied. This action is now brought to set aside certain assignments and conveyances made by the defendant Charles S. Lowther to his wife, Amelia R. Lowther, and also certain assignments made by the defendant Christopher M. Lowther to the defendant Amelia R. Lowther, upon the ground that such assignments and conveyances were fraudulent and were made to defraud the plaintiff. The defendant William H. Rader is merely a nominal party as the medium of conveyances, and E. Amelia Rader is made a party only as a surety upon an indemnity agreement. The instruments sought to be set aside consisted of assignments and deeds executed in 1896 and 1897, and referred to the interest of Charles S. Lowther in what was known as the Riverside, Thirty-Second Street, Twenty-Third Street and Third Avenue properties, and transferred such interest to his wife, Amelia R. Lowther. The evidence clearly shows that at the times these instruments were executed the defendant Charles S. Lowther was not indebted to the plaintiff, nor is there any proof that he was insolvent, and the judgment sought to be enforced here was not entered until seven years after the transfers were executed. That these instruments had been executed and delivered was a fact well known, not only to the plaintiff, but was the subject of discussion in the family of defendant.

In Todd v. Nelson, 109 N. Y. 316, 16 N. E. 360, Judge Peckham says:

"The theory upon which deeds conveying the property of an individual to some third party have been set aside as fraudulent in regard to subsequent creditors of the grantor has been that he has made a secret conveyance of his property while remaining in the possession and seeming ownership thereof, and has obtained credit thereby while embarking in some hazardous business requiring such credit, or the debts which he has incurred were incurred soon after the conveyance, thus making the fraudulent intent a natural and almost a necessary inference, and in this way he has been enabled to obtain the property of others who were relying upon an appearance which was wholly delusive."

In Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105, it was held:

"An owner of real estate may make voluntary settlement thereof upon his children, provided he has ample property left to satisfy all the just claims of his creditors."

In Neuberger v. Keim, 134 N. Y. 35, 31 N. E. 268, it was held that:

"A voluntary conveyance of real estate from husband to wife is good as against subsequent creditors, unless made with intent to defraud them, or

made secretly, so that knowledge thereof was withheld from them, and they dealt with grantor upon the faith of his owning the property transferred."

The deeds by Charles S. Lowther to William H. Rader, and from him to Amelia R. Lowther, were deeds confirmatory of the assignments made in 1896 and 1897.

Plaintiff's counsel lays great stress upon the character of the bills of sale from Clarence L. Lowther to Charles S. Lowther. In the partnership action between the parties this court, at Special Term, decreed that the accounting between the parties should be as of June 13, 1903, decreeing that the bills of sale above referred to were fraudulent. Upon an appeal to the Appellate Division of this department it was held that the plaintiff, Clarence L. Lowther, had nothing to do with the firm after January 24, 1903, and modifying the judgment in that respect, thus, in effect, sustaining the validity of the bills of sale. See Lowther v. Lowther, 105 App. Div. 638, 94 N. Y. Supp. 159. This also applies to the dispossess proceedings whereby Lowther Bros. were dispossessed from the coal yard on Thirty-Second street.

The question left to be determined is whether or not the assignments by Christopher M. Lowther and from Charles S. Lowther to Amelia R. Lowther of the assignment of the one-half interest in certain rents accruing on the lease to Burns of the Thirty-First Street and East River property is fraudulent. A careful consideration of the testimony confirms the view expressed by me during the trial that, while such assignment might have given Amelia R. Lowther a preference, plaintiff has utterly failed to prove that the instrument was fraudulent. There appears to be no dispute that Amelia R. Lowther was a creditor of Lowther Bros., and that the books of the firm showed that moneys were received by them for and on her account, and that a promissory note had been given to her by Charles S. Lowther and indorsed by Clarence L. Lowther in the sum of $8,429.94, and was unpaid at the time of the assignment to her of the rents to become due under the Burns lease. As to the defendant Christopher M. Lowther, the Appellate Division, by its opinion, having held that Clarence L. Lowther had no interest in the partnership assets after January 24, 1903, was justified in entering into partnership with Charles S. Lowther, and therefore cannot be required to account in this proceeding. Whatever moneys he received, either as receiver or as partner of Charles S. Lowther, he has accounted for. Plaintiff has utterly failed to make out such a case as would warrant this court in finding that the several conveyances and assignments are fraudulent.

Complaint dismissed upon the merits. Submit findings.