(55 Misc. Rep. 130.)

### BERNREITHER v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June, 1907.)

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF CLAIM—ACCRUAL OF CAUSE OF ACTION.

> Plaintiff was injured March 5, 1904, by a defect in a sidewalk in the city of New York, and filed his complaint with the comptroller October 2, 1904, and served on the corporation counsel December 29, 1904, notice of intent to sue to recover for such injuries. *Held*, a compliance with Laws 1886, p. 801, c. 572, requiring notice within six months after such cause of action shall accrue as such cause did not accrue until 30 days after notice of claim was filed under Greater New York Charter, Laws 1901, p. 114, c. 466, § 261.

Action by Martin Bernreither against the city of New York. Motion to dismiss complaint. Denied.

Andrew C. Morgan, for plaintiff.

William B. Ellison, Corp. Counsel (J. A. Stover, of counsel), for defendant.

BRADY, J. Plaintiff sues for personal injuries sustained through falling on a sidewalk on March 5, 1904. On September 2, 1904, plaintiff presented his claim to the comptroller in due form and substance as required by section 261 of the Greater New York Charter (Laws 1901, p. 114, c. 466), which provides as follows:

> "No action or special proceeding for any cause whatever shall be prosecuted or maintained against the city of New York unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

On December 29, 1904, plaintiff served upon the corporation counsel a notice of intention to commence this action as provided in chapter 572, p. 801, Laws of 1886. Chapter 572 aforesaid provided that:

> "No action against the mayor, aldermen and commonalty of any city in this state having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

The complaint properly alleged the filing of the claim with the comptroller and the service upon the corporation counsel of the notice of intention to commence the action as above recited. Defendant moved to dismiss the complaint upon the ground that the cause of action herein accrued on the day the injuries were sustained, viz , on March 5, 1904,

and that the service of notice of intention to sue not having been made until December 29, 1904, was not made within six months after the cause of action had accrued.   Plaintiff contends that his cause of action did not accrue until 30 days after his claim was filed with the comptroller, as required by section 261 of the Greater New York Charter, to wit, until October 2, 1904.   It is indisputable that in the case at bar section 261 of the charter prevented the commencement of the action until October 2, 1904, and made the allegation of a compliance with that section an essential part of the complaint.   Section 415 of the Code of Civil Procedure provides that the limitations "must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party, as a plaintiff or defendant, in the particular action or special proceeding." This provision was held by a majority of the court in Crapo v. City of Syracuse, 183 N. Y. 400, 76 N. E. 466, to mean that the cause of action did not accrue in an action for damages for death of a decedent until the appointment of an administrator, and the limitation began to run only from the time of such appointment; in other words, that the limitation did not attach until there was some person in being who could exercise immediately the right to commence an action.   The self-evident purpose of a time limitation is to require a person who seeks relief by action to do so within a given time after his unrestricted right to bring the action accrues.   The frequent use of the expression "when the cause of action accrues," in the statutes and decisions, gives rise to much confusion.   In Webber v. Herkimer & Mohawk St. R. Co., 109 N. Y. 316, 16 N. E. 360, the court says:

"In the case at bar the cause of action arose * * * and was perfect and complete when the injury occurred to plaintiff, * * * and the statutory limitations commenced to run at that time."

This was quite true, but it will be observed that in that case the question for the construction of the court was whether the nature of the case brought it within the three-year statute or otherwise.   The plaintiff therein was free to sue the very day the circumstance complained of transpired, and was not retarded or restrained by any statutory provision requiring the performance of any condition.   The plaintiff herein could not commence his suit until October 2, 1904, and, as he served his notice of intention to sue within six months thereof, I am of the opinion that he did so within the meaning of chapter 572, p. 801, Laws 1886, which requires service of such notice "within six months after such cause of action shall have accrued."   I have examined carefully all the cases cited by counsel for defendant, but do not find that the principle therein laid down conflicts with the conclusion.   Motion to dismiss denied.

Motion denied.