WEINSTOCK v. HALLENBECK et ux.

(Supreme Court, Appellate Division, Second Department.  April 10, 1914.)

FRAUDULENT CONVEYANCES (§ 208*)—WHAT CONSTITUTES.

A conveyance by a husband to his wife cannot be attacked by subsequent creditors as fraudulent, unless it caused insolvency upon the part of the husband as to his existing creditors, or was made with the intent of defrauding subsequent creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633;  Dec. Dig. § 208.*]

Appeal from Special Term, Kings County.

Action by Leon C. Weinstock against Emanuel Hallenbeck and wife. From a judgment for plaintiff, defendants appeal.  Reversed and remanded.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

J. W. Van Gordon, of New York City (William S. Evans, of New York City, on the brief), for appellants.

John H. Regan, of New York City, for respondent.

PER CURIAM.  The conveyance of the property on Sixtieth street and Third avenue in the borough of Brooklyn was made by Emanuel Hallenbeck to his wife, Marie Hallenbeck, by deed dated May 31, 1911, and found to have been recorded on June 1st of that year.  The debt upon which plaintiff recovered his judgment against Emanuel Hallenbeck is alleged to have arisen between December 1, 1911, and January 15, 1912.  The allegation of the complaint that plaintiff has exhausted his legal remedy by the due issuing of an execution upon said judgment and its return unsatisfied is denied in the answer and unsupported by any proof whatever.  Without passing upon the sufficiency of the alleged consideration for such conveyance, the evidence fails to clearly establish that its effect was to produce insolvency upon the part of Emanuel Hallenbeck as to his then existing creditors, or that as to subsequent creditors the fraudulent intent was clearly and satisfactorily established.  Todd v. Nelson, 109 N. Y. 316, 16 N. E. 360.  We think that the judgment must be set aside.  Upon a new trial it may be that further and more satisfactory evidence respecting the issues herein may be produced.

Judgment reversed, and new trial granted;  costs to abide the final award of costs.