OPINION OF THE COURT
David H. Brind, J.
The defendant is charged with driving while intoxicated in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law. The defendant now files a pretrial motion for discovery of certain matters by notice of motion and supporting affidavit by Carlton K. Brownell, Esq., sworn to May 7, 1980. The defendant asks for discovery of two matters. First, all documentary evidence that the People intend to introduce, *851 if any, to establish the foundation for the breathalyzer test results. There is no question that the defendant is entitled to discovery of these items pursuant to CPL 240.20, and it has been the uniform practice of this court to grant such discovery when requested by the defendant.
In addition, the defendant seeks discovery of the original ampule, together with its chemical contents and the reference ampule used in the breathalyzer test administered to the defendant.
In support of his motion, the defendant cites the recently reported decision of the District Court of Nassau County in the case of People v Richter (102 Misc 2d 285) which required the discovery of such ampules for chemical analysis. The People report to the court that the ampules in question have been destroyed in accordance with the long-standing practice of the Geneva Police Department. Consequently, the defendant seeks an order similar to that granted in the Richter case, which would suppress the admission of the breathalyzer test result.
This court cannot agree with the defendant’s contention. The court in the Richter case (supra) based its decision to allow discovery of the ampules on the ruling of the United States Supreme Court in Brady v Maryland (373 US 83, 87) wherein the Supreme Court stated: "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” (Emphasis supplied.)
It is this court’s view that the ampules used in the defendant’s breathalyzer test are not material. "Material” is defined as evidence which is essential to the defense and without which it could not be supported, or which has a legitimate and effective influence or bearing on the decision of the case. (See Porter v Valentine, 18 Misc 213.)
This rule is so well established in New York that it is cited in Richardson on Evidence (5th ed, p 3) and Black’s Law Dictionary (4th ed, p 1128).
Based upon the Appellate Division’s decision in which the court held "where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine.” (Process Plants Corp. v Beneficial Nat. Life Ins. Co., 53 AD2d 214, 216.) It is this *852 court’s view that the question of ampule materiality is a question of law to be determined by the court.
The court in the Richter case (102 Misc 2d 285, supra) relied heavily on the decision of the California court in People v Hitch (12 Cal 3d 641). The court in that case held there was a reasonable possibility that those components would impeach the accuracy and credibility of the results of the test. It is this court’s view that in New York, where the introduction of a breathalyzer test result into evidence requires the strict application of the rules as set down by the Appellate Division in People v Donaldson (36 AD2d 37) the protection of due process is afforded. A jury, after receiving such proof required and together with proper instruction from the court would have sufficient facts upon which to determine the validity of the test. The discovery of the test ampules, in the event they could be properly preserved without deterioration, which would in itself raise serious questions of fact, would add nothing material to the facts already before the jury.
Therefore, the motion of the defendant is granted with respect to discovery of evidence to be used to establish the foundation for the breathalyzer test results, and denied with respect to the discovery of the test and reference ampules.