BULL v. NEW AMSTERDAM CASUALTY CO.

(Supreme Court, Appellate Term.  November 30, 1903.)

1. APPEAL—OBJECTIONS NOT MADE BELOW—ASSUMPTION OF PROOF OF FACT—EFFECT.

Where, on the trial of a case, the parties assume that a fact is proven, it will be regarded as proven or admitted, in order that substantial justice may result on appeal.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Edmond C. Bull against the New Amsterdam Casualty Company.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Harcourt Bull, for appellant.
Carl Schurz Petiarch, for respondent.

BISCHOFF, J.  The termination of the relations of the parties under the contract by notice as therein provided did not affect the provisions under which the agent was to be charged with commissions paid him during the contract period upon policies which were afterward canceled.  The agent's promise to return the amount thus to be charged was independent of the provision for a termination, and the latter was of no greater effect than a provision whereby the duration of the contract might be expressly limited.  Clearly, the return of commissions upon policies canceled after the contract had expired by its terms was contemplated, for the covenant looked to the future, irrespective of the date of termination of the agency itself; and that termination, by notice, at whatever time, did not alter the character of the covenant according to its apparent meaning.  No rescission is in any way involved, and the counterclaim for a return of commissions was valid and enforceable.  This counterclaim amply

sufficed to meet the assigned claim in suit, and the judgment for the defendant is not assailable unless the plaintiff is permitted to assert for the first time on appeal that there was an omission to prove the payment to the agent (plaintiff's assignor) of commissions upon the policies admittedly canceled. The bill of particulars, showing the basis of cancellation, and identifying the policies, was admitted to be true by stipulation entered into to avoid the necessity of defendant's proof of items; and, while the claim for a return of commissions was dependent, of course, upon the agent's prior receipt of the particular commissions, the fact of that receipt was not within the bill of particulars, and no proof was given upon the subject. There is, however, no doubt that the trial was conducted upon the assumption that the balance stated in the counterclaim was supported in its essential details of fact by the stipulation, and there is no hint that the plaintiff did not equally so assume. At the close of the evidence plaintiff's counsel was asked by the court what answer he had to make to the counterclaim, and counsel responded by pointing solely to the question of law arising as to the defendant's right to claim under the contract after notice of termination. If the formal proof were deemed to be insufficient, it would certainly have been expected that the point would be raised at the time; and the attitude of counsel, so far as adverse to the counterclaim, was taken upon the legal effect of the contract to the exclusion of a defect of proof. The circumstances under which this counterclaim was presented, taken with the attitude of the parties at the trial, may be viewed as consistent only with the assumption by all concerned that the necessary facts were present for the purposes of the record, and the assumed fact is to be regarded as proven or admitted, in order that substantial justice may result upon appeal. Daley v. Brown, 167 N. Y. 389, 60 N. E. 752.

Judgment affirmed, with costs. All concur.