# Northern Alabama Railway Co. *v.* Key

### *Damages for Death of Employe.*

'(Decided May 6, 1907.   43 So. Rep. 794.)

1.   *Master and Servant; Rules; Protection of Employe.*—A rule of a railroad company requiring its hostlers, before backing its locomotives, to blow the whistle or ring the bell, was for the protection of its employes, as well as for others.

2.   *Same; Duty to Promulgate.*—Where the hostler or servant in charge of the engine which killed intestate failed to ring the bell or blow the whistle before moving the engine, as was required by one of the defendant's rules, the defendant cannot escape liability on the ground that such servant did not know of the rule, as it was the duty of the railroad to inform him of it.

3.   *Same; Contributory Negligence; Precuation Against Known Danger.*—Where the rules of the company required that before

41 R

being backed the locomotives whistle must be blown or bell rung it was not contributory negligence in intestate to go upon the track on which the locomotive was to be backed when it was his duty to go there to place lights as he had the right to presume that the engine would not be moved until the signal was given as required by the rule.

4. *Same; Disobedience of Rule.*—Plaintiff's intestate was killed by being run over by a locomotive backing upon him on the track on which he went to fix the lights. At the time he went there the engine was standing still. Held, not contributory negligence to fail to signal to the hostler to stop the engine.

5. *Evidence; Secondary Evidence.*—Where it developed incidentally on examination of a witness that the company had certain rules for the conduct of employes and there was no opportunity for demanding a printed copy which was in the hands of a defendant the contents of the rule may be shown by parol.

6. *Death; Damages; Instruction.*—It was not error for the court to instruct the jury that the mortality tables placed the life expectancy of intestate at a given number of years when he at the same time informed them that this was not conclusive.

7. *Master and Servant; Injury to Servant; Negligence of Master.*— The servant of a railway having charge of a locomotive backed it over plaintiff's intestate causing his death. Intestate's duties required him to place lights at certain points when it was determined to back an engine. Held, that the negligence of the servant in charge of the locomotive did not depend alone on whether he knew that intestate was in a perilous position but he was chargeable with ngeligence if he knew intestate's duties and that intestate was, therefore, liable to be in a place of danger.

APPEAL from Colbert Circuit Court.

Heard before Hon. ED. B. ALMON.

Action by John W. Key, administrator, against the Northern Alabama Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

This was an action for damages for death of an employe. The facts are sufficiently stated in the opinion. In his oral charge to the jury, the court said: "In assessing damages in a case like this, it devolves on the jury, upon consideration of all the circumstances bearing upon the subject, as disclosed by the evidence, to ascertain what the duration of the party's natural life would have been. There is no ascertaining it as a pos-

itive fact. The period fixed in any case is necessarily an inference drawn from many conditions and circumstances  In the same case different minds of equal intelligence might reach different conclusions. The tables of mortality, computed upon the experience of life insurance companies, which, being of such universal recognition, courts will judicially notice, place the life expectancy of plaintiff's intestate at 40 years, if you find from the evidence that he was 21 years old at the time of his death; but this is not conclusive." The defendant requested the following charges, which were refused: Charge 6: "Whether Hanlan, the hostler, was guilty of negligence, depends on whether when he began to back the engine, he knew that Key was in such a position as made him liable to be struck by the engine; and if the hostler began to back without knowing where Key was and without having rung the bell or blown the whistle, plaintiff is not entitled to recover." Charge 7: "If the defendant had a rule requiring the bell to be rung or the whistle to be blown before the hostler began to back the engine, the violation of such rule would not be negligence, for which an employe or employe's administrator could recover." There was verdict and judgment for the plaintiff in the sum of $2,000, and defendant appeals.

HUMES & SPEAKE, for appellant.—The court erred in refusing the general affirmative charges requested by defendant, upon the whole case and upon the issues of the respective counts: 1st, because there was no proximate cause of negligence of which plaintiff could complain. 2nd, the rules of as to blowing the whistle or ringing the bell are for the protection and benefit of the public, those using or crossing the track and not for employes.—138 Ala. 531; *C. & N. W. R. R. Co. v. Donahue*, 75 Ill. 106; *Loring v. K. C. F. S. & M. R. R. Co.*, 128 Mo. 349. Where contributory negligence in the violation of a rule is relied upon as a defense, no presumption is indulged that the employe knew the rule, no matter how long he may have been in the employment of the company, and knowledge of it has to be proven before he can be said to be negligent in not observing it.—*Graham's Case*, 94

Ala. 545; *Coffee's Case,* 92 Ala. 245.   On reason and authority the same rule will apply to an employe whose negligence is relied upon for recovery and no presumption will be indulged that he knew the rule.   Under the rule adopted in *Peters v. Southern Ry. Co.,* 135 Ala. 532, Draper's evidence might be wholly disregarded; but giving it full credence it falls short of showing knowledge on the part of the engineer that Key would get on the track or was on it when he began to back without signalling.—110 Ala. 185.   In any event, the defendant is guilty of contributory negligence barring his right of recovery.—107 Ala. 626; 109 Ala. 245; 133 Ala. 606.   The evidence is without conflict that he did not give the signals which his duties required him to give before attempting to place the light.—110 Ala. 266.   The court erred in allowing parol testimony as to the rule prescribing the duties of the hostler, since it was shown that these were written or printed; the evidence was also immaterial and irrelevant.—*L. & N. R. R. Co. v. Orr,* 94 Ala. 602; *Ga. Pac. Ry. Co. v. Propst,* 90 Ala. 1. Special charge No. 5 should have been given.—110 Ala. 185.   The portion of the court's oral charge as to the measure of damages was erroneous.—*Jones' Case,* 114 Ala. 519.

KIRK, CARMICHAEL & RATHER, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This was an action for damages for the death of plaintiff's (appellee's) intestate, who was an employe of the defendant (appellant).   Said intestate was employed as a herder, and a locomotive of defendant's was in charge of one Hanlan, who was a hostler, and whose duties, according to the evidence, were to take charge of the engine when it comes in off the road, to take it to the shop, or bring it back; and it was also his duty, before backing his engine, to blow the whistle or ring the bell.   The evidence shows that, at the time the accident occurred, the engine was backing, and that the hostler did not ring the bell or blow the whistle when he backed it.

Appellant urges that the general affirmative charge should have been given in favor of the defendant, and his first insistence is that the only negligence chargeable to the hostler is that he failed to ring the bell or blow the whistle when the engine was backed, and that the rule requiring this duty was not for the benefit of the employes of the company, but only for the public who might be crossing the track; and in substantiation of that position the case of *Central of Ga. Ry. Co. v. Martin,* 138 Ala. 531, 544, 36 South. 426, is cited. That was a case where there was a collision of the train of one railway with the train of another, and the court held that the provisions of law with regard to signals and precautions at public road crossings, and on entering and passing through towns, etc., did not apply, for the very sufficient reason that another class of rules are provided for the purpose of preventing 'collisions, which are as liable to occur at any other place as at a public road crossing. The case of *K. C. F. S. & M. Ry. Co. v. Hammond,* 58 Ark. 324, 24 S. W. 723, is equally inapplicable to the facts of this case. In that case it was merely held that the railroad company was not bound to make a rule requiring engineers, on approaching a quarry, to sound the whistle. The workmen at a quarry have no more right than any one else to be upon the tracks of a railroad, and if, by reason of the operation of their quarry, obstructions were thrown on the track, it would be their duty, without any rule, to put out signals to warn the approaching train. We can see no reason why the rule in question was not as much for the protection of the employes as for any one else who should happen to be on the track. In fact, it would seem that common prudence would dictate such a precaution, where an employe's duties were such as to be likely to require him to be on the track.

It is next insisted that, if this rule was intended for the protection of the employe, yet the company could not be made liable, because there was no evidence that the hostler knew of this rule; and the *Case of Graham,* 94 Ala. 545, 10 South. 283, and *Hawkins' Case,* 92 Ala. 245, 9 South. 271, are cited. In those cases it was held

that an employe could not be held guilty of contributory negligence for the violation of a rule of which he had no knowledge. It will be readily seen that the case is very different where the principal is sued for injury resulting from the failure of his employe to observe the reasonable precautions which he has laid down for guidance of his employes, in order to protect others from injury. The duty rests upon the principal to adopt reasonable rules in the conduct of its business for the protection of its employes who are placed in danger, and to instruct its employes in regard to said rules; and while it is true that such rules do not stand like statutory requirements, so that the violation of them would be necessarily negligent, yet where they are reasonable, as in this case, and such as it would be the duty of the principal to adopt and enforce, the presumption, as against the principal, is that its employe has been informed of the rule, and the principal cannot shield itself from responsibility, by alleging its failure to instruct its own employe.—1 Labatt's Master. & Servant, p. 31, § 16a; Id. p. 443, § 207; Id. § 109, and notes, p. 489, § 218; Id. p. 493, § 219, and notes, p. 494; *Luebke v. Chicago, M., etc., Ry.*, 17 N. W. 870, 59 Wis. 127, 48 Am. Rep. 483; *Promer v. Milwaukee, etc., Ry.*, 63 N. W. 90, 90 Wis. 215, 48 Am. St. Rep. 905; *Smithson v. Chicago G. W. Ry.*, 73 N. W. 853, 71 Minn. 216; *Dalcy v. Brown*, (N. Y.) 60 N. E. 752. While it may be that the evidence does not show that the hostler knew the intestate was in the place of danger, yet it does show that it was the duty of said intestate to place the lights, and he therefore had knowledge of the fact that intestate's duties called him to that place.

It is next insisted that the deceased was guilty of contributory negligence: (1) Because he knew that the engine was to be moved backward. That may be true, but that very knowledge suggested to him his duty to place the lights before it was moved backward, and he had a right to presume that it would not be moved back until after the signal had been given. (2) Because of the evidence with regard to the duty imposed upon the deceased to give a signal and have the engine stop before

he attempted to go behind it and place the lights. The evidence upon this subject is that "it is the duty of the herder, if he wishes to fix the lights on the engine backing towards him, or if he wishes to get on the track, to signal the hostler to stop the engine before he goes in," and "it is his duty, if he wishes to fix the lights, after the engine begins to move, or if he has to get on the track for any purpose ahead of the engine, to signal the engineer to stop before doing so." It will be noticed that this duty to signal was only for the purpose of stopping the engine after it had started; for there would be no sense in giving a signal to stop the engine when it was stationary. There is not any evidence to show that the deceased went in to place the lights after the engine started. On the contrary, one of the witnesses testified that he was in the act of performing that duty when the engine was backed. The evidence does not show that he was guilty of contributory negligence.

It is next insisted that the court erred in permitting the witness to testify as to the contents of the rules prescribing the duties of the hostler as it was shown that such rules were written or printed. While our court has laid down the principle that, when the defendant seeks to prove by parol the contents of its own rules, which were printed, it could not be done (*Ga. Pac. Ry. v. Propst*, 90 Ala. 1, 7 South. 635; *L. & N. R. R. Co. v. Orr*, 94 Ala. 602, 10 South. 167), yet where the fact of there being such a rule is not brought out in the pleading, and the matter is developed incidentally in the examination of a witness, when there is no time nor opportunity for demanding the printed copy, which is in the hands of the defendant, we think it would be unjust to deprive the plaintiff of the benefit of the testimony as to what are the duties of the hostler. It is within the power of the defendant to produce the book and show what the rules are. The company cannot prevent the plaintiff from proving what the duties of its servants are (which is a matter known to all of its employes) by showing that the duties are stated in a printed rule.

There is some confusion in the next contention of appellant's brief, as it refers to assignments 8 and 9, and

his argument relates to assignments 6 and 7. There is no error in the matter referred to in said assignments relating to the charge of the court on the measure of damages. The court did not, as in the *Jones' Case,* 114 Ala. 520, 533, 21 South. 507, 62 Am. St. Rep. 121, undertake to state that the expectancy of the deceased was a certain number of years, but only that the tables place the life expectancy at so many years, and the charge went on to inform the jury that "this is not conclusive."

Charge 6, requested by the defendant, was properly refused. As we have before shown, the question as to whether Hanlan was guilty of negligence did not depend alone on whether he knew that the deceased was in a perilous position; but he would be chargeable with negligence if he knew that the deceased's duties required him to place the lights, when it was determined to back the engine, and that he was, therefore, liable to be in the perilous position at that time.

Charge 7, requested by the defendant, was properly refused. As has been before shown, while it is true that the mere fact that there was a rule requiring the hostler to blow the whistle or ring the bell would not necessarily render the hostler's act in disregarding it negligence, yet when that rule was reasonable, and such as it was the duty of the defendant to adopt, the disregard of it would be negligence.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.