## STURENBERG v. SPERO.

(Supreme Court, Appellate Term.  May 7, 1909.)

1. APPEAL AND ERROR (§ 928*)—PRESUMPTIONS—INSTRUCTIONS—EXISTENCE OF FACTS.

Where no exception is taken to an instruction which assumes the existence of certain facts and states the law applicable thereto, it is presumed on appeal that such facts were admitted or conclusively proved, and that the instruction correctly stated the law under the facts of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3753; Dec. Dig. § 928.*]

2. BROKERS (§ 86*)—ACTIONS—SUFFICIENCY OF EVIDENCE—CAUSE OF SALE.

In an action for commissions for procuring the sale of property, evidence *held* to sustain a finding that the sale was made through plaintiff's efforts, so that a verdict for him was improperly set aside.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 116; Dec. Dig. § 86.*]

Appeal from City Court of New York, Trial Term.

Action by Rudolph Sturenberg against Louis Spero. From an order setting aside a verdict for plaintiff and dismissing the complaint, plaintiff appeals. Reversed, and verdict and judgment reinstated.

Argued before GILDERSLEEVE, P. J., and DAYTON, and GOFF, JJ.

Jacob Friedman, for appellant.

PER CURIAM. The plaintiff recovered a verdict for commissions as a real estate broker. The court set aside the verdict on the ground, as stated in its opinion, that:

"There is not sufficient proof in the case to justify a finding that his (plaintiff's) efforts induced the purchase. as the mere testimony that, after defendant said he did not wish to sell, plaintiff went from one to the other, mentioning the sale of the premises to each party upon his visits, does not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

attain to the quality of proof required as a matter of law in this class of cases."

Plaintiff seems to rely upon the rule of law that where the trial court, in its instructions to the jury, assumes the existence of certain facts and states the law applicable thereto, to which instructions no exception was taken, it will be presumed on appeal that such facts were admitted or conclusively proved, and that the instructions correctly stated the law so far as that case was concerned. McDonald v. McDonald, 112 App. Div. 330, 331, 98 N. Y. Supp. 581; Howard v. Ludwig, 171 N. Y. 509, 64 N. E. 172; Daley v. Brown, 167 N. Y. 389, 60 N. E. 752.

The following appears in the record:

"Plaintiff's Counsel: I ask your honor to instruct the jury that if, through the instrumentality of the broker, the buyer and seller meet, and negotiations are thus opened between them, which continuing without the withdrawal of either party therefrom, culminating in a sale, though for a less sum than originally demanded, the broker is entitled to his commissions.

"The Court: I so charge."

In the main body of the charge the court instructed the jury thus:

"The plaintiff claims * * * that he was asked by defendant to procure a partner for him in his (defendant's) place; * * * that he (plaintiff) brought this proposition to the attention of one Shapiro, and that, Shapiro refusing to enter into a negotiation with a view to a partnership, he (plaintiff) returned to defendant, who told him that he would sell the property for the sum of $9,000; * * * and the testimony shows that he brought this second offer to Shapiro, that Shapiro refused to purchase, and that between the time of the last offer of $9,000 and the date of the sale he frequently went to and fro between these parties, Spero and Shapiro, making various endeavors to secure offers and endeavors to bring about a sale."

Under the instructions plaintiff claims that the jury were justified in giving a verdict for plaintiff, and that it was error for the trial court to set it aside. It will be remembered, however, that the defendant is the respondent, and that respondent's exceptions are not usually printed in cases on appeal from the City Court, so that we do not know whether the defendant excepted to the charge or not. Nevertheless it appears that plaintiff did testify as fully as the court states, and a fair inference is that from this running to and fro the parties came to an agreement, although in the absence of plaintiff, and a sale was made by defendant to Shapiro for $6,250. The jury seems to have been justified in reaching a conclusion in plaintiff's favor, and it was error for the trial court to set it aside.

Order reversed, and verdict and judgment reinstated, with costs to appellant in this court and in the court below.