(91 South. 254)

## NAUGHER v. LOUISVILLE & N. R. CO.

**(8 Div. 356.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

1. **Master and servant** ⟬259(7)⟭**—Count held demurrable for failing to allege unnamed fellow servant was within employment and name was unknown.**

A count, seeking to recover for the death of a railroad car repairer, which alleged that the injuries to plaintiff's intestate were caused by the negligence of an unnamed employee of defendant company in failing to give warning before moving the cars on the repair track, was demurrable for failing to allege that the name of such employee was unknown, and that he was acting in the scope of his employment when he committed the negligent acts alleged.

2. **Master and servant** ⟬202⟭**—Injury by moving cars in obedience to signal held not wanton.**

The engineer in charge of an engine which moved cars upon a repair track without warning to those who might be working upon or passing between them is not chargeable with wantonly injuring a car repairer, where he moved the cars in obedience to a signal given him, and there was no evidence that he could refuse to heed or obey such signal.

3. **Negligence** ⟬11⟭**—Wanton injury implies knowledge or reckless indifference.**

Willful or wanton misconduct cannot be imputed to a person unless he has knowledge at least that his act will inflict injury, or is recklessly indifferent to the consequences of a known relation between his act or omission and the peril of the injured person.

4. **Master and servant** ⟬287(4)⟭**—Wanton injury by signalman held question for jury.**

Where the allegations of a count, charging that plaintiff's intestate was killed by being crushed between two cars on the repair track, which were moved together without any warning being given, as was required by general custom before such cars were moved, and that the movement resulted from the willful and wanton recklessness of the employee who gave the signal to move the cars without warning, were sustained by evidence, the question of wanton injury was one which should have been submitted to the jury, so that a directed verdict on the ground of contributory negligence was improper.

5. **Master and servant** ⟬236(15)⟭**—Stop, look, and listen rule inapplicable to railroad employees.**

The duty to stop, look, and listen before crossing the railroad track does not apply to shop employees of a railroad company, whose duties required them to work about and under the cars on the repair track.

6. **Master and servant** ⟬289(26)⟭**—Contributory negligence in going between cars on repair track held for jury.**

A railroad car repairer may rely upon a general custom to give warning to those working about the cars on a repair track before

---

⟬⟭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such cars are moved, so that he is not chargeable with contributory negligence as a matter of law in going between the cars on such track at a time when no warning had been given.

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Action by Maggie J. Naugher, as administratrix of the estate of Joseph A. Naugher, against the Louisville & Nashville Railroad Company, for damage for the death of her intestate. Judgment for the defendant, and plaintiff appeals. Reversed and remanded.

The following are counts C and E:

Count C. Plaintiff claims of the defendant the sum of $20,000, for that on or about the 6th day of February, 1917, plaintiff's intestate was engaged in the service and employment of the defendant in its shops in Albany, Ala., as a car repairer, and while engaged in the duties of his said service he had occasion to go between two cars in said shop yards, standing on its tracks, and was caught between the two said cars by the propulsion of one of them that was connected to or connected with an engine back of the other, and so crushed that he within a short time died from said injuries; and plaintiff avers that said injuries were occasioned by reason of the negligence of some one in the employment of the defendant, in that said cars were being constructed upon a track in said yards, and that it was the custom to leave a space between the said cars under construction, of from a few inches to several feet; that after the said cars were so completed as to be moved from the said tracks, it was the custom to give notice, either by ringing a bell attached to an engine or blowing a whistle upon the same, or by some one notifying those who would likely pass along and across the track, that the cars were to be moved; and plaintiff avers that large numbers of the employees of the shops had occasion to pass to and fro between said cars, and that the cars were not moved without giving some signal or notice that the cars would be moved, and, notwithstanding this general custom, some one in the employ of the defendant negligently failed to give any notice that the said cars would be moved, and that, while plaintiff was passing through and between cars upon the track above mentioned, he was crushed and fatally injured, wherefore this suit.

E. Plaintiff claims of the defendant the further sum of $20,000, as damages for the killing of her intestate on, to wit, February 6, 1917. And plaintiff avers that said intestate was an employee, at the date of the killing, of intestate in its shop yards at Albany, Ala., wherein was a track upon which a certain string of cars were constructed, and which the defendant's agents, servants, and employees were about to move out of said yard by pushing them with a locomotive; and it had been customary in such operations to leave an open space in such line of cars; and it was, and long had been, customary for defendant's employees working in that locality to pass with great frequency and in large numbers through said opening, which facts were known to some employee in the service of the defendant whose name is to plaintiff unknown, and whose duty it was to give a signal or warning (before the aforesaid moving of said cars) to prevent and caution persons who might be approaching, and about to pass through said opening, from doing so; and such employee so charged with such duty knew of the intended movement of said cars, and that it was imminent; and he well knew that it was likely or probable that some person would be then and there (at the time of said movement) in said open space, or about to go therein, yet with such knowledge, such employee so charged with said duty, wantonly and recklessly, and indifferently failed, for a reasonable time, and sufficiently near to the movement aforesaid, to give such signal or warning; and by reason of such wantonness, recklessness, and indifference, the said intestate passed into said opening unwarned, and, not knowing of the imminency of such danger, was caught by the movement of said cars backward, and crushed and killed.

W. H. Long, Wert & Hutson, and E. W. Godbey, all of Decatur, for appellant.

The doctrine of "stop, look and listen," is without application to an employee engaged as was decedent. 88 Fed. 23, 31 C. C. A. 363; 100 Fed. 55, 40 C. C. A. 270; 199 Ala. 453, 74 South. 382; 203 Ala. 557, 84 South. 262; 205 Ala. 119, 87 South. 549; 150 Ala. 641, 43 South. 794; 134 Wis. 259, 114 N. W. 437, 14 L. R. A. (N. S.) 953. The court therefore was in error in directing a verdict for the defendant.

Eyster & Eyster, of Albany, for appellee.

See former report of this case. Naugher was guilty of contributory negligence causing his death. 203 Ala. 557, 84 South. 262; (C. C. A.) 261 Fed. 905; 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; 241 U. S. 237, 36 Sup. Ct. 592, 60 L. Ed. 977.

McCLELLAN, J. This is the second appeal of this cause, reversal having been the judgment here. L. & N. v. Naugher, 203 Ala. 557, 84 South. 262. The report on former appeal renders unnecessary any elaborate recital of the state of the pleadings, as well as the circumstances attending the death of plaintiff's (appellant's) intestate while in the employ of the defendant (appellee). It appears from the report that on former appeal the court was not favored with brief for the plaintiff, then appellee; and the application for rehearing was stricken.

Upon return of the cause to the trial court, plaintiff amended the complaint by the addition of counts A, B, C, and E. Count E appears in the report of this appeal.

[1] Count C was held subject to the demurrer. There was no error in this ruling. The count does not aver that the operation in progress when intestate was injured was being carried on by an employee or employees acting within the line and scope of their employment. It does not name the culpable

employee, or allege that his name was unknown to the pleader. The count's averments also leave in some uncertainty the prevalence, at the time of Naugher's injury, of the "general custom" described in count C. The count may have other faults.

On former appeal the major proposition decided was that Naugher's death was proximately caused by his contributory negligence; and it was on this ground that plaintiff was held not entitled to recover. It was also held that the defendant was due general affirmative instructions against a right to recover under counts 5, 1, 3, and 7; and it is possible other statements in the opinion evinced a like judgment as to other counts.

On the present appeal the evidence is different. Indeed, two witnesses were examined on the last trial that were not examined on the former trial, and several witnesses that testified previously were not examined on the last trial. The defendant (appellee) offered no evidence in its turn, its view being alone presented through its answers to interrogatories propounded by the plaintiff to the defendant, under the statute, and introduced in evidence by the plaintiff. The result of the last trial was controlled by the court's giving, at defendant's request, the general affirmative charge for the defendant on the whole case. This was error.

[2, 3] If the only counts in the case had been those ascribing Naugher's injury to willful or wanton misconduct or omission on the part of Engineer McDermot, the general affirmative charge as given would have been justified. There was no evidence that McDermot willfully injured Naugher, or that he wantonly caused his injury. That character of aggravated wrong cannot be imputed unless there is knowledge on the part of the person so charged of probability at least that his act will inflict injury or such reckless indifference to the consequences of known relation between the act or omission in question and the peril of the injured person as characterizes the conduct or omission as wanton. The evidence refers McDermot's movement of his engine and the attached cars alone to the signal given him; and nothing is shown to invite, much less to justify, the conclusion that McDermot's duty was to refuse heed or obedience to the signal in response to which he moved the engine and cars; and this is true even though it might be said that the customary use, by very numerous employees, of the narrow passage between this "cut" of just completed cars was known to McDermot. The conduct of the employee whose duty it was to direct the engineer to move these cars or to put that order in process of relayed communication to the engineer, and who did so, without adequate, customary warning of the movement he was directing, when he knew of the frequent, common use of the mentioned passage by many employees during every day, may have been guilty of a wanton wrong, imputable to the employer; but not so with reference to McDermot.

[4] Count E—a wanton count—presented that phase of the culpability just stated, which was expressed in the failure of the signalman to give such seasonable warning of the intended movement of the cars as a reasonably prudent man, likewise circumstanced and advised, would have given to effect the exclusion of the danger that might result from the unannounced movement of these cars. The evidence required the submission to the jury of the issues tendered by the material averments of count E. The general affirmative charge given erroneously deprived the plaintiff of her right to have the issues of count E considered. This ruling will serve as a sufficient direction with respect to such other counts in the complaint, charging simple negligence only, as fall within the same category, viz. the breach of duty in signaling the movement of the cars when reasonable prudence, under known circumstances of immediate danger if the movement was made without proper warning, would have suggested such precautions as the situation, including the stated use of the passage, required. Whether there was in fact such customary use of the passage by employees; whether it was so general and so long observed as to afford evidence of knowledge of it on the part of the signalman; whether the signalman in fact exercised reasonable care and prudence in giving seasonable, adequate warning of the intended movement of the cars—were all issues due to be submitted to the jury.

[5] Under the evidence in the present record the court could not soundly declare, as a matter of law, that Naugher was guilty of contributory negligence, barring plaintiff's right to recover. The rule of duty "to stop, look and listen" does not apply to employees in such shop employment as Naugher was engaged in when injured. Ala. T. & N. R. Co. v. Huggins, 205 Ala. 80, 87 South. 546, 549, citing earlier decisions.

[6] Given the establishment by the evidence, if so, of a practice to warn employees before moving cars on this construction track, between which employees passed as indicated, and such general observance of the stated practice as to justify the inference that Naugher knew of the practice, on this occasion Naugher had a right to assume, unless otherwise advised by the surroundings, that the cars would not be moved without the customary warning. Northern Ala. Ry. Co. v. Key, 150 Ala. 641, 43 South. 794.

The judgment is laid in error. It is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.