(104 So. 649)

## MURRAY v. BESSEMER LUMBER CO. et al.
(6 Div. 334.)

(Supreme Court of Alabama.   May 28, 1925.)

1. Mechanics' liens ⬳73(1) — Construction contracts construed.

Where material for construction of a house had been sold under a contract "to said T. O. Murray, or to his agent for him, as original contractor, for use in the erection of said house," *held*, that phrase "as original contractor" related to seller of materials, and not to purchasing agent.

2. Mechanics' liens ⬳271(7)—Failure to name agent purchasing materials rendered pleading demurrable.

Where, in suit to enforce lien on a house for price of materials furnished to defendant or his agent, who was alleged to have acted for defendant in purchasing the materials, failure to name agent rendered pleading demurrable.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bill in equity by the Bessemer Lumber Company and others against T. O. Murray. From a decree overruling, a demurrer to the bill, respondent appeals. Reversed, rendered, and remanded.

Goodwyn & Ross, of Bessemer, for appellant.

When sale of material is made to a contractor, the materialman must give notice to the owner, as required by statute. Trammel v. Hudmon, 78 Ala. 222. When agency is averred, the name of the agent must be given, or averred as unknown. Naugher v. L. & N. R. Co., 206 Ala. 515, 91 So. 254.

Estes & Smithson, of Bessemer, for appellees.

Every person dealing with the owner in selling materials for the erection of a house is an original contractor. Lane & Bodley Co. v. Jones, 79 Ala. 156; Jefferson, etc., Co. v. Peebles, 195 Ala. 608, 71 So. 413. Any person erecting a house through an agent is bound by the acts of the agent. Jefferson, etc., Co. v. Peebles, supra.

SOMERVILLE, J.  The bill of complaint is filed by three several parties to enforce their respective liens upon a certain dwelling house for the price of materials sold to respondent for use in its construction. One of the complainants—the Bessemer Construction Company—claims a lien also for services rendered in superintending the work of construction. The bill alleges that the Bessemer Lumber Company and the Bessemer Construction Company severally sold the materials "to said T. O. Murray, or to his agent for him, as original contractor for use in the erection of said house." It alleges that the Bessemer Plumbing & Electrical Company sold materials "to T. O. Murray [for use in the construction of said house] under a contract or agreement therefor entered into between it and said T. O. Murray, or his agent acting for him."

[1] Respondent construes the first allegation as meaning that the *agent* was an original contractor, and many grounds of the demurrer to the bill are predicated on that theory. It is clear, however, that the phrase "as original contractor" relates to the seller of the materials, and not to the purchasing agent, and those grounds of demurrer are without merit.

[2] But the seventh ground of the demurrer makes the point that the bill fails to name the agent who, it is alleged, acted for respondent in the purchase of the materials. It is, we think, a sound rule of pleading that, when the complainant charges the defendant with liability, either ex contractu or ex delicto, by virtue of the act of an agent, the name of the agent should be stated. Naugher v. L. & H. R. R. Co., 206 Ala. 515, 91 So. 254. This ground of demurrer should have been sustained. In other respects, the allegations of agency are sufficient. 2 Corp. Jur. 905, 906, § 611.

For the error noted, the decree of the circuit court will be reversed, and a decree will be here rendered, sustaining the demurrer as to its seventh ground, and overruling all other grounds.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.