## MURRAY v. BESSEMER LUMBER CO. et al.
### (6 Div. 533.)

(Supreme Court of Alabama. Jan. 14, 1926.)

**1. Pleading ⊚⟹34(7)—Substance and effect of averments rather than form looked to on appeal.**

In dealing with pleadings, Supreme Court looks to substance and effect of averments, if clearly manifest, rather than form of statement.

**2. Mechanics' liens ⊚⟹89—Contractor constructing house for owner on cost plus basis held an original contractor as to own materials furnished owner with his consent and approval, and entitled to lien therefor.**

Where construction company entered into contract with owner to superintend construction of building upon a cost plus basis, and in course of construction furnished some of its own materials, allegedly with consent and approval of owner, it was an original contractor as to such materials by an express or implied contract, and had a lien for the price agreed upon with owner, or, in absence of such agreement, for reasonable market value thereof.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bill in equity by the Bessemer Lumber Company and others against T. O. Murray. From a decree overruling demurrer to the bill, defendant appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

An agent may not represent principals whose interests are adverse. Spratt v. Wilson, 94 Ala. 608, 10 So. 209; 31 Cyc. 1213; Dean v. Roberts, 182 Ala. 221, 62 So. 44; 1 Parsons on Contr. 93; Scottish Union v. Dangaix, 103 Ala. 388, 15 So. 956; Davis v. Hamlin, 108 Ill. 40, 48 Am. Rep. 541; Waller v. Jones, 107 Ala. 331, 18 So. 277; Kent v. Dean, 128 Ala. 600, 30 So. 543; Bergner v. Bergner, 219 Pa. 113, 67 A. 999.

Estes & Smithson, of Bessemer, for appellees.

Whatever a man can do in person he can do by agent. The Bessemer Construction Company was an original contractor, as well as agent for defendant. Lyon v. Kent, 45 Ala. 656; Lane v. Jones, 79 Ala. 156.

BOULDIN, J. The bill is filed to enforce mechanics' and materialmen's liens upon a building and lot in Bessemer. Complainants claim as several original contractors furnishing material under contract with the owner or his agent. The original bill failed to allege the name of the alleged agent. Upon former appeal the bill was held subject to demurrer for this omission. Murray v. Bes-

semer Lumber Co. (Ala. Sup.) 104 So. 649.[1] Thereafter complainants amended the bill, naming Bessemer Construction Company, one of complainants, as the agent of the owner in the purchase of materials.

A demurrer was then interposed upon the ground that the bill shows Bessemer Construction Company in the position of seller ·and buyer of the same materials, or as representing its own interest as seller· while acting .as agent for the owner in the purchase of the same materials.     The bill ·was further amended to show that the materials sold by this company, and used in the house,· were with the consent and approval of T. O. Murray, the owner.

Demurrer to the bill as last amended was overruled, and the appeal is from that decree.

[1] In dealing with pleadings, we look to· the substance and effect of averments, if clearly manifest, rather than the form of statement.

[2] Taking the bill as a whole, it appears Bessemer Construction Company is a corporation engaged in the business of dealing in building materials, and also in a general contracting and building business.     It entered into a contract with T. O. Murray, the owner, to· superintend the construction of the building, upon a commission or cost plus basis.     In course of construction, this company furnished some of its own materials. This is alleged to have been with the consent and approval of the owner.

These facts, shown with sufficient certainty, constituted the construction company an original contractor as to these materials, this, not by contract with itself, but by a contract, express or implied, directly with the owner.     Such contract may have arisen from an original understanding that the construction company could furnish materials ˙ from its own stock, or by the owner's consent and approval at the time or after they were used.     In either event, the construction company has a lien for the price agreed upon with Mr. Murray, or, in the absence of .such agreement, the reasonable market value thereof.     The same rules apply to like averments relating to the claim of Bessemer Plumbing & Electrical Company, in which the construction company was one of the partners.

The claim of Bessemer Lumber Company is not complicated with these conditions, and need not be further considered.     The further claims of the construction company, for commissions due for superintendence and for money advanced at Mr. Murray's request to pay labor, we do not consider in question on this appeal.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

