(119 So. 212)

GULF, M. & N. R. CO. v. WILLIAMS.
(I Div. 515.)

Supreme Court of Alabama. Dec. 20, 1928.

Hamiltons, Lyons, Chamberlain & Courtney, and J. N. Flowers, all of Mobile, for appellant.

B. F. McMillan, Jr., and Smiths, Young & Johnston, all of Mobile, for appellee.

ANDERSON, C. J. Action by plaintiff under the Federal Employers' Liability Act [1] for the death of her husband, the intestate. The fact that the deceased was an employé and was killed by one of the defendant's trains while engaged in interstate business is uncontroverted, and the case went to the jury under counts 1 and 2, based on the simple negligence of the defendant's servants in the operation of the train.

■ The following rule of the defendant was introduced, to wit: "They (meaning engineers) must obey signals promptly and, if in doubt as to the meaning of a signal, stop the train and ascertain its meaning. If, in switching, the train or yard man giving signals is lost to view, stop the train until he returns to a position from which signals can be seen." It is contended by the plaintiff that the cars ran over or against the intestate in violation of the above-quoted rule, and that said violation was the proximate cause of the intestate's death. As to whether or not the engineer was bound, under the rule, to act only upon the signal of Williams, the deceased switchman, and to keep him in sight, or whether or not he had a right to act upon the signal of the conductor, Gossett, and to rely upon his lookout for and protection of Williams, we need not decide, for to do so would simply determine whether the conductor or the engineer was guilty of negligence, while it is sufficient to determine only that if either of them violated the rule the plaintiff has made out a prima facie case for the jury as to negligence.

The proof shows that the intestate was in the discharge of his duty when he threw the switch, and that he was returning to a point where his duty called him when run over by the backing cars. It also appears from the evidence that he was the one primarily to give the signal to the engineer, and he, of course, had the right to believe that the cars would not be backed until the proper signal was given. The evidence shows that Williams did not signal the engineer. In fact, the defendant does not contend that Williams signaled the engineer, but claims that he signaled the conductor, Gossett, and Gossett transmitted it to the engineer. The evidence is in dispute as to whether or not Williams gave the conductor a signal. While the conductor testified that he did, the plaintiff's two witnesses, who had him in sight, said that he did not. Therefore, if Williams did not signal Gossett, the jury could find that Gossett was guilty of negligence in signaling the engineer to move the cars without conserving the safety of Williams. So, in either event, if Williams gave no signal either to the engineer or conductor and which was a question for the jury, they could find that the train was moved in violation of the rule, whether the negligence be imputed to the engineer or the conductor, and the defendant was not due the general charge as for failure to prove negligence on the part of the defendant's servants.

■■ The intestate, Williams, after throwing the switch, had the right to proceed along or across the track to reach the other side for the purpose of giving a signal to move, and had the right to assume that the cars would not be moved in the absence of a signal from him, either to the engineer or conductor, and which, according to the plaintiff, had not been given. True, he was in a place of safety when he threw the switch, but he did not, as matter of law, assume the risk in leaving for another position when he had the right to assume that the cars would not be moved unless he gave the signal. It was also

[1] 45 USCA §§ 51-59.

a question for the jury as to whether or not he saw or heard the moving cars in time to conserve his safety. The plaintiff's evidence tends to show that he was going and looking in a different direction from which the cars were approaching, and the cars were going at a very low rate of speed, and it was a question for the jury as to whether or not he heard the cars before they struck him. As we view this case, it presents no close or difficult legal questions, but is largely one of fact, notwithstanding the citation, by both sides, of nearly all the decisions in the books directly or remotely bearing upon the subject.

As to the question vel non of the negligence of the defendant's servants in moving the cars under the facts disclosed, this issue was properly submitted to the jury. Norfolk & Western R. Co. v. Earnest, 229 U. S. 114, 33 S. Ct. 654, 57 L. Ed. 1096; N. Y. R. R. v. Oles (C. C. A.) 296 F. 474; Norfolk Sou. R. Co. v. Lewis (Va.) 141 S. E. 228; Richards v. L. & N. R. Co., 49 S. W. 419, 20 Ky. Law Rep. 1478.

As to whether or not the intestate's assumption of risk was an intervening proximate cause of his death, the defendant was not entitled to the general charge upon this theory of the case. If the cars should not have been moved until the intestate, Williams, gave the signal, and he did not give it, he had the right to assume that the cars would not be moved while he was going across to a point to signal the engineer, and it was also a question for the jury as to whether he saw or heard the approach of the cars in time to escape. The intestate could not foresee or expect that the cars would be moved in violation of a rule requiring a signal from him, but had the right to assume that the rule would not be violated. Reed v. Director General, 258 U. S. 92, 42 S. Ct. 191, 66 L. Ed. 480; Chesapeake & Ohio R. Co. v. Proffitt, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102; C. & O. R. R. v. DeAtley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016; Southern R. Co. v. Fisher, 199 Ala. 377, 74 So. 580; L. & N. R. Co. v. Porter, 205 Ala. 131, 87 So. 288; Northern, etc., R. Co. v. Key, 150 Ala. 641, 43 So. 794.

The cases cited by counsel for the appellant are inapt and can be so well differentiated from the case in hand that it can serve no useful purpose to discuss them in detail.

The trial court did not commit reversible error in ruling upon the evidence.

We think that so much of the oral charge as excepted to, as to the measurement of damages, substantially conformed to the rule laid down in C. & O. R. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117; Gulf C. & S. F. R. Co. v. Mosler, 275 U. S. 133, 48 S. Ct. 49, 72 L. Ed. 200.

The evidence supported the verdict and was not contrary to the great weight of same,

and there was no error in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

